UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR425-057 |
| | ) | |
| LARON ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant is charged with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). Doc. 1. At the time of the indictment, he was serving a custodial sentence in a Georgia state prison. *See* doc. 10. During his initial appearance he was remanded to the custody of the United States Attorney General and is now in federal custody pending trial. *See* docs. 18, 20. He has filed a Motion seeking his return to the "jurisdiction of original custody." Doc. 22. He filed a similar motion in his supervised release revocation proceeding. *See* CR415-179, doc. 58.

Under the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. app. 2 § 2, prisoners are provided with speedy trial rights and the right to remain in the indicting jurisdiction until the disposition of the

charges against them. *See* 18 U.S.C. app. 2, § 2, arts. III & IV(e). Defendant has requested that the Court acknowledge his waiver of these rights and direct the United States Marshal Service to return him to the jurisdiction of original custody. Doc. 22. Defendant has not identified any legal authority to suggest that, upon waiver of a defendant's IADA rights, this Court has an obligation to return the defendant to the jurisdiction of his original custody. *See generally* doc. 22. It appears that both parties agree that this Court has discretion to decide whether Defendant's request should be granted. *See* docs. 22 & 24.

Defendant has not produced any particularized rationale to support his request for transfer. *See* doc. 22. In response, the Government has identified a significant burden that would result from Defendant's requested transfer. Doc. 24. With two cases before this Court that are "expected to move expeditiously," Defendant would have to be frequently transported between state and federal custody, placing an unnecessary strain on the United States Marshal Services. *Id*. at 3. Moreover, the Government represents that these shuttling efforts would increase the likelihood of delays and errors as compared to Defendant remaining in federal custody. *Id*. Because Defendant has not identified any rationale

to support his transfer and the transfer would unduly burden the USMS while increasing the risk of administrative errors, the Court **DENIES** Defendant's Motion for Return to Original Custody.  Doc. 22.

**SO ORDERED**, this 11th day of July, 2025.

*/s/ Christopher L. Ray*
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA